# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

BRANDON THOMAS          CASE NO. 2:20-CV-00191

VERSUS          JUDGE JAMES D. CAIN, JR.

WESTLAKE CHEMICAL CORP.          MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 6] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant Westlake Chemical Corporation. The motion is regarded as unopposed.

## I.
### BACKGROUND

This suit arises from injuries allegedly sustained by Brandon Thomas, who was employed as a lead packer by Westlake Chemical Corporation ("Westlake") at Westlake's facility in Calcasieu Parish, Louisiana. Doc. 1, att. 2, pp. 9–12. Mr. Thomas alleges that on September 22, 2018, he was "assisting [two other employees] in the process of melting caustic soda (sodium hydroxide) into liquid caustic soda" by operating a lance and hose. *Id.* at 10. During this process Mr. Thomas states that he noticed a steam leak and picked up the hose to inspect it. *Id.* At that point "[t]he steam and pressure increased considerably, and the liquid caustic soda started shooting out [at] a high rate of speed," causing him to suffer severe burns. *Id.* Thomas alleges that the leak came from an area where a previous break in the equipment had been repaired with tape. *Id.*

On September 23, 2019, Thomas filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana. He raises claims against Westlake under Louisiana Civil Code article 2315 and the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute § 9:2800.52 *et seq.*[1] Westlake removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Westlake maintains that Thomas's only recourse for any negligence it committed is through workers' compensation benefits, and seeks dismissal of that claim. Doc. 6. Thomas has filed no opposition to the motion and his time for doing so has passed.

## II.
### LAW & APPLICATION

#### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches*

---

[1] In support of his products liability claim Thomas alleges that Westlake designed and manufactured the hose. He also names as defendants "ABC Company," as designer and manufacturer of the pipes involved, and "XYZ Company," as designer and manufacturer of the tape that was used.

*Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Under the Louisiana Workers' Compensation Act ("LWCA"), an employee injured in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his remedy against his employer. La. Rev. Stat. § 23:1032; *see, e.g.*, *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847, 849 (5th Cir. 2000). The employer therefore enjoys immunity against negligence claims unless the employee can show that the injury (1) occurred while the employee was not acting in the course and scope of his employment, (2) resulted from the negligence of an employer or co-employee who was not acting within the course and scope of his employment, or (3) was the result of an intentional act of the employer or a co-employee. *Boudreaux v. Verret*, 422 So.2d 1167, 1171 (La. Ct App. 3d Cir. 1982).

As described in his petition, Mr. Thomas's injuries resulted from conduct that he undertook within the course of his employment. He makes no allegation of an intentional tort by Westlake or any co-employee, nor does he allege that his injury resulted from actions these individuals took outside of the scope of their employment. Accordingly, he fails to overcome the exclusive remedy bar and his negligence claim against his employer must be dismissed.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss will be granted and plaintiff's claim against Westlake under Louisiana Civil Code article 2315 will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 16th day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**