UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRANDON THOMAS** | **CASE NO. 2:20-CV-00191** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WESTLAKE CHEMICAL CORP. ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 19] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant Westlake Chemical Corporation, seeking dismissal of plaintiff's remaining claims on the grounds of preemption under the Louisiana Worker's Compensation Act. Plaintiff Brandon Thomas opposes the motion. Doc. 23.

### I.
### BACKGROUND

This suit arises from injuries allegedly sustained by Brandon Thomas, who was employed as a lead packer by Westlake Chemical Corporation ("Westlake") at Westlake's facility in Calcasieu Parish, Louisiana. Doc. 1, att. 2, pp. 9–12. Mr. Thomas alleges that on September 22, 2018, he was "assisting [two other employees] in the process of melting caustic soda (sodium hydroxide) into liquid caustic soda" by operating a lance and hose. *Id.* at 10. During this process Mr. Thomas states that he noticed a steam leak and picked up the hose to inspect it. *Id.* At that point "[t]he steam and pressure increased considerably, and the liquid caustic soda started shooting out [at] a high rate of speed," causing him to

suffer severe burns. *Id.* Mr. Thomas alleges that the leak came from an area where a previous break in the equipment had been repaired with tape. *Id.*

On September 23, 2019, Mr. Thomas filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana. He raised claims against Westlake under Louisiana Civil Code article 2315 and the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute § 9:2800.52 *et seq.*[1] Westlake removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It then filed a motion to dismiss under Rule 12(b)(6), arguing that Thomas's only recourse for any negligence it committed is through workers' compensation benefits, and seeks dismissal of that claim. Doc. 6. The court agreed and granted the motion, leaving the LPLA claims and claims against the placeholder defendants pending. Docs. 9, 10.

Mr. Thomas then filed an amended complaint, naming North American Pipe Corporation as an additional defendant under its LPLA claims. Doc. 17. Westlake now moves for dismissal, arguing that the LPLA claims against it are likewise preempted by the tort immunity provisions of the Louisiana Worker's Compensation Act. Doc. 19. Mr. Thomas opposes the motion and maintains that this immunity does not apply because the allegations potentially involve intentional acts. Doc. 23.

---

[1] In support of his products liability claim Thomas alleges that Westlake designed and manufactured the hose. He also names as defendants "ABC Company," as designer and manufacturer of the pipes involved, and "XYZ Company," as designer and manufacturer of the tape that was used.

2

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. *Application*

Under the Louisiana Workers' Compensation Act ("LWCA"), an employee injured in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his remedy against his employer. La. Rev. Stat. § 23:1032; *see, e.g.*, *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847, 849 (5th Cir. 2000). The employer

therefore enjoys immunity against tort claims unless the employee can show that the injury (1) occurred while the employee was not acting in the course and scope of his employment, (2) resulted from the negligence of an employer or co-employee who was not acting within the course and scope of his employment, or (3) was the result of an intentional act of the employer or a co-employee. *Boudreaux v. Verret*, 422 So.2d 1167, 1171 (La. Ct App. 3d Cir. 1982). There is no such exemption for products liability claims, and so "[t]here is no cause of action in 'products liability' by an employee against his employer or statutory employer for injury for which the employer or statutory employer owes workmen's compensation." *Smith v. AMF Tuboscope, Inc.*, 442 So.2d 679, 680–81 (La. Ct. App. 1st Cir. 1983).

As described in his petition, Mr. Thomas's injuries resulted from conduct that he undertook within the course of his employment. His only remaining claims against Westlake arise under the LPLA. Mr. Thomas now argues, however, that he may have an intentional tort claim against Westlake because Westlake should have been "substantially certain" of the injuries that might result when it allegedly used tape to repair a hose used to spray caustic liquids. Doc. 23. As Westlake points out, the intentional tort exception is a difficult one to meet. *See, e.g.*, *Reeves v. Structural Preservation Sys.*, 731 So.2d 208, 210 (La. 1999). Nevertheless, the court will not prejudge the potential amendment when plaintiff has outlined how he might cure the deficiencies of the original allegations. *Cf. Bennett v. McDermott Internat'l*, 2019 WL 3891178, at *7 (W.D. La. Aug. 15, 2019) (denying a request for leave to amend within the opposition to a motion to dismiss, where plaintiffs made no showing of how they would cure the complaint's deficiencies). The

4

court also finds that its dismissal of plaintiff's negligence claims does not preclude assertion of an intentional tort claim, though both arise under Louisiana Civil Code article 2315, given that the latter provides an exemption to the grounds on which the former was dismissed. Accordingly, the motion to dismiss will be denied without prejudice to Westlake's right to reassert it if the anticipated Motion for Leave to Amend fails and/or fails to dismiss the LPLA claims.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 19] will be **DENIED**, without prejudice to Westlake's right to reassert it. Plaintiff will be given **14 days** from the date of this ruling to file a Motion for Leave to Amend.

**THUS DONE AND SIGNED** in Chambers on this 27th day of October, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**