UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRANDON THOMAS** | : | **CIVIL ACTION NO. 20-cv-00191** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WESTLAKE CHEMICAL CORPORATION, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Leave to Amend Second Complaint [doc. 29] filed by plaintiff Brandon Thomas ("Thomas"). Defendant Westlake Chemical Corporation ("Westlake") opposes this motion. Doc. 31. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

After consideration of the proposed amended complaint and the memorandum in opposition of the motion and for the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED.**

### I.
#### BACKGROUND

This suit arises from injuries allegedly sustained by Brandon Thomas who was employed by defendant Westlake at their facility in Calcasieu Parish, Louisiana. Doc. 1. Thomas alleges that, on September 22, 2018, during the process of melting caustic soda (sodium hydroxide) into liquid caustic soda, he noticed a steam leak in the hose. Thomas claims that the leak came from an area in the equipment that was previously repaired with tape. At this point, Thomas conducted an

inspection of the area during which liquid caustic soda shot out at a high rate of speed causing Thomas to suffer severe burns. *Id.*

On September 23, 2019, Thomas filed suit in Calcasieu Parish, Louisiana, 14th Judicial District Court and asserted claims against Westlake under Louisiana Civil Code article 2315 and the Louisiana Products Liability Act ("LPLA"). Westlake removed the suit to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Westlake sought dismissal of Thomas's La. Civ. Code art. 2315 claims, maintaining that the only recourse for negligence claims against employers is governed exclusively by the Louisiana Workers' Compensation Act.[1] Doc. 6.

On March 16, 2020, the district court dismissed Thomas's La. Civ. Code art. 2315 claims with prejudice. Docs. 9 and 10. Thomas then filed his first amended complaint, this time including North American Pipe Corporation as an additional defendant under its LPLA claims. Doc. 17. On August 19, 2020, Westlake filed another motion to dismiss the LPLA claims asserted against it arguing that no cause of action is available by an employee against his employer under the LPLA. Doc. 19.  Thomas in opposition maintained that the workers' compensation immunity does not apply as the allegations potentially involve intentional acts. Doc. 23.  The court dismissed Westlake's motion without prejudice to Westlake's right to reassert its motion should Thomas successfully amend his complaint and allege intentional tort.[2]  Doc. 25, p. 4.  Thomas now seeks leave of court to successfully amend his complaint once again.

---

[1] La. Rev. Stat. § 23:1032).
[2] Thomas's claims against Westlake asserting negligence under La. Civ. Code art. were dismissed on March 16, 2020. Additionally, in its Memorandum Ruling regarding Westlake's second motion to dismiss, the court stated that Westlake's right to reassert its motion to dismiss would still exist if Thomas failed to dismiss its LPLA claims against Westlake from its complaint. Despite this, Thomas's Second Amended Complaint still improperly asserts both claims.

## II.
## LAW & ANALYSIS

When more than twenty-one days have elapsed after service of the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The court has discretion to grant or deny leave to amend. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). A court may deny leave to amend when the proposed amendment is futile. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000). In evaluating the futility of an amendment, the court applies the same standard of legal sufficiency that applies under FED. R. CIV. P. 12(b)(6). *Id.* Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In the proposed Second Amended Complaint, Thomas alleges that he was employed by Westlake. Under the Louisiana Workers Compensation Act, workers compensation is the exclusive remedy for employees injured on the job. La. Rev. Stat. § 23:1032(A)(1)(a). The exception to the exclusivity is when the injury is proximately caused by the employer's intentional act. *Id*. at § 1032(B).

Louisiana law clearly states that intent arises when "the person . . . knows that that [physical] result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981). The Louisiana Supreme Court

has explained that the phrase "substantially certain to follow" means more than a reasonable probability that an injury will occur, and "certain" is defined as "inevitable or incapable of failing." *Reeves v. Structural Preservation Systems*, 731 So.2d 208, 213 (La.1999). "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Id*. at 212.

While it is true that Rule 15 provides that "the court should freely give leave [to amend] when justice so requires," the court finds persuasive Westlake's argument that the amendment would be futile. Thomas seemingly attempts to assert that the intentional tort exception applies because Westlake allegedly knew of the dangers and risks associated with the failure of any of its hoses. Doc. 29, att. 1., p. 4, ¶ 17—20. Thomas asserts that Westlake is "deemed to have a substantial belief that any worker like [Thomas] could suffer debilitating burns from the failure of any of any [of] its hoses" and "knew that merely placing tape near the section of compromised hose and lance would result in second and third degree burns to someone that worked around the hoses on a daily basis." *Id*. at ¶ 19—20. Thomas further asserts that "Westlake Chemical understood the significant amount [of] heat and danger its petrochemicals possessed, as they traveled through hoses," and that Westlake "knew that maximum protection for its workers from broken lances required replacement of that section of the hose and lance that ultimately injured Mr. Thomas." *Id*. at ¶ 17—18.

To the extent Thomas's proposed pleading attempts to suggest that Westlake knew he would be injured, it fails to allege facts to show that his injuries were substantially certain to follow. *See Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 263 (5th Cir. 2014). Thomas fails to include any allegations of fact that would lead to a conclusion that Westlake was culpable for an intentional tor;t consequently, there is no basis for invoking the exception to the exclusivity rule. Louisiana courts have routinely held that knowledge of a dangerous procedure or machinery

or even a high likelihood that someone will eventually be injured might be considered gross negligence, but is not sufficient to constitute an intentional tort and thereby overcome the exclusivity of workers' compensation. *Reeves,* 731 So. 2d at 221; *see also Batiste v. Bayou Steel Corp.*, 45 So. 3d 167, 169 (La. 2010). Therefore, even accepting Thomas's allegations as true, Thomas has failed to state a plausible claim against Westlake Chemical Company.

Since the proposed amendment does not properly allege any intentional tort, which is necessary overcome the workers' compensation immunity, it would be futile to permit Thomas to amend his complaint. Accordingly, we recommend the motion be denied.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Thomas's Motion for Leave to File Amended Complaint be **DENIED**.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 1st day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE