UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRANDON THOMAS**  :  **CASE NO. 2:20-CV-00191**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**WESTLAKE CHEMICAL CORP**  :  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 46] filed by defendant Westlake Pipe & Fittings Company ("WPF"), formerly known as North American Pipe Corporation ("NAPCO"), and seeking dismissal of the claims raised in plaintiff's amended complaints. The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from injuries allegedly sustained by Brandon Thomas, who was employed as a lead packer by Westlake Chemical Corporation ("Westlake") at Westlake's facility in Calcasieu Parish, Louisiana. Doc. 1, att. 2, pp. 9–12. Mr. Thomas alleges that on September 22, 20218, he was "assisting [two other employees] in the process of melting caustic soda (sodium hydroxide) into liquid caustic soda" by operating a lance and hose. *Id.* at 10. During this process Mr. Thomas states that he noticed a steam leak and picked up the hose to inspect it. *Id.* At that point "[t]he steam and pressure increased considerably, and the liquid caustic soda started shooting out [at] a high rate of speed," causing him to

suffer severe burns. *Id.* Thomas alleges that the leak came from an area where a previous break in the assembly had been repaired with tape. *Id.*

On September 23, 2019, Thomas filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana. He raised claims against Westlake under Louisiana Civil Code article 2315 and the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute § 9:2800.52 *et seq.*, with the latter claim premised on Westlake's role as designer and manufacturer of the hose. He also named as defendants "ABC Company," as designer and manufacturer of the pipes involved, and "XYZ Company," as designer and manufacturer of the tape used. Westlake removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It then sought dismissal of the negligence claims against it under the exclusive remedy provisions of the Louisiana Worker's Compensation Act ("LWCA"), Louisiana Revised Statute § 23:1032. Doc. 6. Thomas did not oppose the motion and the court granted same on March 16, 2020. Docs. 9, 10.

On July 13, 2020, the court issued a Notice of Intent to Dismiss as to Westlake for failure to take a default within 60 days of service and a Notice of Intent to Dismiss ABC Company and XYZ Company for failure to effect service within 90 days. Docs. 11, 12. Thomas then amended his complaint, substituting WPF for ABC Company and alleging that WPF was liable under the LPLA and Article 2315 for manufacturing "the pipes that he used." Doc. 17. Westlake filed another 12(b)(6) motion, arguing that the LPLA claims against it were likewise barred by the exclusive remedy provisions of the LWCA. Doc. 19. The court denied the motion without prejudice, finding that the bar also applied to LPLA

claims unless plaintiff could show (as he asserted he would do through amendment) that they fell within the "intentional act" exception. Doc. 25. Plaintiff sought leave to amend his complaint once more and the court found that he had not met his burden, denying same on the basis of futility. Docs. 32, 33. Accordingly, it dismissed the remaining claims against Westlake for failure to state a claim. Docs. 33, 34.

The suit was closed in error but then reopened with respect to the entity now named as WPF, and Thomas was ordered to effect service within 90 days. Doc. 36. When he failed to do so after six months, the court issued an order to show cause and then granted him a final extension to serve WPF while dismissing the claims against XYZ Company. Docs. 37–39. WPF has now made an appearance in this suit and moves for summary judgment, on the basis that plaintiff has not alleged that it manufactured or sold any of the components of the lance and steam hose assembly. Doc. 46.

WPF produces declarations from David Urdiales, Westlake's maintenance planner/supervisor at the plant where Thomas was injured, and Andrew Schlosser, WPF's technical services manager. Urdiales describes the steam hose lance assembly used at the time of Thomas's accident, including all of its components. Doc. 46, att. 3, ¶¶ 2–4. He states that the steam hose is manufactured by Continental Industries and that no part of the steam hose lance assembly is comprised of PVC material. *Id.* Schlosser attests that, at the time of the accident, WPF's predecessor NAPCO was in the business of manufacturing and wholesale selling PVC pipe and that at no pertinent time did it "manufacture or sell steam hoses or steel tubing or any other type of hose, pipe, or fittings that were rated for

use with steam or in applications involving high temperatures or pressures." Doc. 46, att. 4, ¶¶ 3–4. Thomas has filed no response to the motion and his time for doing so has passed. Accordingly, it is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, a successful products liability claim requires proof that the product at issue was actually manufactured by the defendant. La. Rev. Stat. § 9:2800.54(A); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002). Here the uncontroverted evidence establishes that neither WPF nor its predecessor manufactured any part of the steam hose lance assembly alleged to have caused plaintiff's accident. To the extent a negligence claim would not be barred by the exclusive remedy provisions of the LPLA, Louisiana Revised Statute § 9:2800.52, Plaintiff likewise fails to show any separate basis for a claim against WPF. Such a claim would require showing a breach of duty to him and the allegations do not demonstrate what role WPF played in his accident.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 46] will be **GRANTED** and all claims against WPF will be **DISMISSED WITH PREJUDICE**, resulting the closure of this case.

**THUS DONE AND SIGNED** in Chambers on the 19th day of September, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**